[Civ. No. 57996. Second Dist., Div. Two. July 15, 1980.]

HOWARD K. COHEN et al., Plaintiffs and Appellants, v.
PAUL SHEARER et al., Defendants and Respondents.

COUNSEL

Hecht, Diamond & Greenfield and Roger Jon Diamond for Plaintiffs and Appellants.

Pilot & Spar and A. Albert Spar for Defendants and Respondents.

OPINION

**ROTH, P. J.**—In December of 1975, respondents agreed in writing to sell their home to appellants for the sum of $177,000. While escrow was pending, certain disputes between the parties resulted in respondents' instruction to the escrow agent to cancel the escrow on March 25, 1976. When advised of this, appellants, on April 2, 1976, filed their suit for specific performance of the sale agreement. Four days later they requested the escrow agent to refund the monies they had previously deposited with it, some $37,000. That request was refused on the basis no consent for the refund had been given by respondents. Appellants, on April 29, then filed another action, against the escrow agent and respondents, in an effort to recover the deposit.

On June 22, 1976, both respondents and appellants executed a document addressed to the escrow agent which in pertinent part provided: "All previous instructions given by Buyer and Seller in the above escrow are hereby cancelled, and this escrow is not to be consummated."

The escrow agent thereupon refunded appellants' deposit and the action to recover those monies thus being mooted, was dismissed.

On July 6, 1976, respondents then filed in the specific performance action a motion for summary judgment and for an order expunging the lis pendens. The trial court's minute order dated July 16, 1976, without explanation, granted the latter and placed the former off calendar.

Appellants thereafter, on August 16, filed their first amended complaint, for specific performance and damages, even though it was their understanding the trial court, by virtue of its ruling respecting the lis pendens, had determined that specific performance was not an available remedy.

Based on the same understanding, respondents then moved to strike that cause of action from the amended complaint and the motion was granted on September 10, 1976. A simultaneous motion for summary judgment was, again, placed off calendar.

Ultimately, appellants filed a further complaint for damages only, refused to go to trial on that cause and on July 16, 1979, suffered a dismissal of their action.

■ On this appeal it is contended the trial court erred respecting its rulings of July 16 and September 10, 1976, and in dismissing the action. For the reasons hereafter set out we agree and reverse the order appealed from.

We reiterate that there is no dispute between the parties that the basis for the trial court's action was its belief the June 22, 1976, instruction to the escrow agent that the escrow was not to be consummated constituted a mutual disaffirmance or rescission by appellants and respondents of the property sale agreement.[1]

---

[1] If that were the case, of course, appellants would likewise have been foreclosed from suing for damages.

There was, however, nothing more before that court than the instruction itself, together with the uncontroverted declaration of appellants' counsel that that instruction was prepared and signed only as an accommodation to the escrow agent in order to induce it to release appellants' funds.

From this and from the factual context hereinabove described, it seems clear to us the trial court's conclusion that specific performance would not lie because that form of relief had been disclaimed was mistaken.

Thus it appears, as appellants maintain, that they immediately filed their suit for specific performance upon respondents' initial cancellation of the escrow. Thereafter they attempted to have returned to them pending resolution of that suit the monies they had deposited in escrow, as they were entitled to do. (See *Jeppi* v. *Brockman Holding Co.* (1949) 34 Cal.2d 11 [206 P.2d 847, 9 A.L.R.2d 1297].) When the escrow agent refused their request, they took further action against it, and relinquished *that* action when they otherwise secured the monies through the June 22 instruction.

Nothing in that instruction, which related only to the *escrow*, makes any reference to the contract of sale nor to the specific performance suit, nor is there anything else in the record to suggest that resolution of the deposit money question was intended as a rescission of the one or an abandonment of the other.

To the contrary, the only evidence before the trial court, addressed to respondents' motion for summary judgment, which was inexplicably placed off calendar, was that no such results were intended.

The order of dismissal is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Compton, J., and Beach, J., concurred.

A petition for a rehearing was denied August 14, 1980.